**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                        :
NORMAN PACHECO,         :
                        :
          Plaintiff,    :        Civil No. 13-347 (FLW)
                        :
     v.                 :
                        :
                        :        MEMORANDUM AND ORDER
                        :
EVELYN DAVIS, et al.,   :
                        :
          Defendants.   :
_____:
```

IT APPEARING THAT:

1.   On January 16, 2013, the Clerk of the Court docketed the instant Complaint (docket entry no. 1).  Plaintiff failed to submit a completed in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2) because he did not submit a six-month certified account statement as required by 28 U.S.C. § 1915(a)(2).

2.   In light of Plaintiff's failure to submit an in forma pauperis application or prepay the filing fee, this Court issued an Order (docket entry no. 2), dated January 25, 2013, administratively terminating the matter, but allowing Plaintiff thirty days time in which to reopen the matter by submitting a completed in forma pauperis application or by paying the filing fee.

3.   Plaintiff then submitted a renewed application to proceed in forma pauperis (docket entry no. 3).

1

4.   That application was deficient because the account statement was not certified by an appropriate official of the facility at which Plaintiff is confined.  The application was denied by Order (docket entry no. 4) on February 27, 2013.

5.   On April 1, 2013, the Clerk of the Court received Plaintiff's renewed in forma pauperis application (docket entry no. 5).

6.   Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(1), a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.

7.   While Plaintiff has now filed a certified institutional account statement, the account statement does not reflect the proper time period.  Plaintiff signed his Complaint for filing on January 7, 2013.  As such, his certified account statement is required to reflect account information for the six-month time period immediately preceding that date. Plaintiff's account statement, however, shows account

information for the time period of September 3, 2012 until
March 18, 2013.

8.   Accordingly, Plaintiff's newest application remains
deficient and in forma pauperis status will be denied.
THEREFORE, it is on this 22nd day of April  , 2013;

ORDERED that the Clerk shall reopen this matter by making a
new and separate entry on the docket reading "CIVIL CASE
REOPENED"; and it is further

ORDERED that Plaintiff's application to proceed in forma
pauperis is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively
terminate this case, without filing the complaint or assessing a
filing fee; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he
shall so notify the Court, in writing, addressed to the Clerk of
the Court, Clarkson S. Fisher U.S. Courthouse and Federal Bldg.,
402 East State Street, Trenton, New Jersey 08608, within 30 days
of the date of entry of this Order; Plaintiff's writing shall
include either (1) a complete, signed in forma pauperis
application, including a certified six-month prison account
statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff
stating that he wishes to reopen this case, and either a complete
in forma pauperis application or filing fee within the time

3

allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

     ORDERED that the Clerk shall close the file in this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

                              s/Freda L. Wolfson
                              Freda L. Wolfson
                              United States District Judge